[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 7, 2009
THOMAS K. KAHN
CLERK

No. 08-12572
Non-Argument Calendar

_____

BIA Nos. A95-905-462 & A95-905-463

DIEGO ALEJANDRO MELGAREJO-SANDOVAL,
SONIA YANETH ZAMORA-TAVERA,
PAULA ALEJANDRA MELGAREJO-ZAMORA,
NATALIA MELGAREJO-ZAMORA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 7, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Diego Alejandro Melgarejo-Sandoval ("Melgarejo-Sandoval") and his wife, Sonia Zamora-Tavera, and their two children, Paula and Natalia Melgarejo-Zamora, through counsel, seek review of the decision by the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ's") order denying their application for asylum, withholding of removal, and voluntary departure under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").

As an initial matter, Melgarejo-Sandoval failed to raise any arguments in his brief concerning: (1) the BIA's denial of withholding of removal, (2) the denial of CAT relief, or (3) the denial of voluntary departure. Therefore, he has abandoned those issues. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

On appeal, Melgarejo-Sandoval argues that the BIA erred when it failed to find a nexus between his fear of persecution by the National Liberation Party of Colombia ("ELN") and either his political opinion or his membership in the particular social group consisting of relatives of his father, Arturo Melgarejo. He also argues that the IJ and the BIA erred when they failed to make clear credibility and persecution factual findings, thus precluding meaningful review of the IJ's decision, and further erred when they found that relocation within Colombia was a

2

reasonable option, because they failed to address the statutory factors set out in 8 C.F.R. § 1208.13(b)(3), and because the 2005 and 2006 Country Reports stated that the ELN continued to engage in illegal activities in Colombia.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). In the instant case, the BIA issued its own opinion with analysis and did not expressly adopt the IJ's decision. Therefore, we review only the BIA's decision.

To the extent that the BIA's decision was based on a legal determination, review is de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). The BIA's factual determinations, however, are reviewed under the substantial-evidence test, which requires us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). We must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." D-Muhumed, 388 F.3d at 818 (quotation omitted). "To reverse the . . . fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

3

**I. BIA's finding that no nexus existed between Melgarejo-Sandoval's persecution and either his political opinion or his membership in a particular social group**

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]

8 U.S.C. § 1101(a)(42)(A). An asylum petitioner must establish a nexus between the feared persecution and the statutorily listed factor. The alien must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" the statutorily listed factor. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation omitted). However, the alien does not need to prove that he would be "singled out" for persecution if (1) there is a "pattern or practice" of persecution against similarly situated individuals and (2) his or her inclusion within that group of individuals makes fear

4

of persecution reasonable.  See 8 C.F.R. 208.13(b)(2)(iii).  Additionally, one of the five enumerated grounds need not be the only motivation for the persecution, as long as the applicant can show that the persecution is, "at least in part, motivated by a protected ground."  Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1232 (11th Cir. 2007) (citation omitted).  The asylum applicant carries the burden of proving statutory "refugee" status.  8 C.F.R. § 208.13(a); Al Najjar, 257 F.3d at 1284.

Melgarejo-Sandoval testified that after he escaped from an ELN roadblock – which he encountered during his work as a BellSouth security guard – and refused to turn over his company's vehicle and weapons to the ELN, "that's when all the threats started."  The BIA found that it was the encounter with the ELN that he had at the roadblock, while working for BellSouth, and his refusal to hand over the weapons and vehicle that led to his harassment.  The BIA also agreed with the IJ's determination that corroboration existed for Melgarejo-Sandoval's assertion that he accompanied Liberal Party candidates during campaigns, but concluded that those party activities were unrelated to any persecution experienced by Melgarejo-Sandoval.  Thus, there was sufficient evidence that his persecution by the ELN was unrelated to his Liberal Party membership or activities and therefore not "because of his political opinion."  Rodriguez-Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007).

Based on the evidence and viewing the record in the light most favorable to the agency's decision, the BIA's determination that Melgarejo-Sandoval was not and will not be persecuted because of his political opinion or his membership in a particular social group is supported by substantial evidence and does not compel reversal.

## II. BIA's credibility determination and factual findings

As to factual findings on credibility, the fact-finder must "determine credibility, and we may not substitute our judgment for that of the fact-finder with respect to credibility findings." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). When a fact-finder "says not that [s]he believes the asylum seeker or [that] [s]he disbelieves her . . . the reviewing Court is left in the dark." Id. (citations omitted). If credible, an alien's testimony may be sufficient, without corroboration, to sustain her burden of proof in establishing her eligibility for relief from removal. Forgue, 401 F.3d at 1287. However, our case law mandates that "specific, cogent reasons" for a credibility determination be given only in the context of adverse credibility findings. See, e.g., id.; D-Muhumed, 388 F.3d at 819.

Because the BIA presumed that Melgarejo-Sandoval's testimony was credible and therefore was not obligated to provide explicit reasons for its credibility determination, and because there was substantial evidence supporting

6

the BIA's determination of whether persecution existed, we are not compelled to reverse the BIA's decision.

**III. BIA's finding that relocation within Colombia was reasonable**

As stated in 8 C.F.R. § 1208.13, "an immigration judge, in the exercise of his or her discretion, shall deny the asylum application of an alien found to be a refugee on the basis of past persecution  if . . . [t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . and under all the circumstances, it would be reasonable to expect the applicant to do so."  8 C.F.R. § 1208.13(b)(1)(i)(B).  Furthermore, "[a]n applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so."  8 C.F.R. § 1208.13(b)(2)(ii).  To determine the reasonableness of internal relocation under 8 C.F.R. § 1208.13(b)(1)(i) and (b)(2), 8 C.F.R. § 1208.13(b)(3) provides:

> [A]djudicators should consider, but are not limited to considering, whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties.  Those factors may, or may not, be relevant, depending on all the circumstances of the case, and are not necessarily determinative of whether it would be reasonable for the applicant to relocate.

7

In cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him or her to relocate, unless the persecution is by a government or is government-sponsored.

8 C.F.R. § 1208.13(b)(3) and (b)(3)(i).

We have stated that "it is not unreasonable to require a refugee who has an internal resettlement alternative in his own country to . . . establish that such an option is unavailable." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1327 (11th Cir. 2001). Furthermore, we found reversible error when the BIA failed to mention the factors of 8 C.F.R. § 1208.13(b)(3) in making its determination of whether internal relocation was reasonable. Arboleda v. U.S. Atty. Gen., 434 F.3d 1220, 1226 (11th Cir. 2006).

In the instant case, the BIA concluded that no past persecution existed. Therefore, the burden was on Melgarejo-Sandoval to establish that it was unreasonable for him to relocate, and he offered insufficient evidence to this effect, testifying only that the guerrillas would find him in any part of Colombia. The IJ noted in his decision that Melgarejo-Sandoval's mother and two sisters continued to live in Bogota, Colombia, without government protection. The IJ also stated that the FARC operated roadblocks throughout the country, but Melgarejo-Sandoval failed to offer evidence of any persecution or threats of persecution by the FARC. Thus, he failed to meet his burden when he presented only vague

8

testimony and relied on the Country Report.  See Arboleda, 434 F.3d at 1224 (finding that the DHS's submission of two country reports and an asylum profile was insufficient to meet its burden).

Furthermore, Melgarejo-Sandoval's inability to establish that any past persecution or fear of future persecution was because of a protected ground is fatal to his asylum claim.  See Sepulveda, 401 F.3d at 1232 n.7.  Therefore, even if the IJ failed to properly analyze the relocation factors, the error was harmless. (Id.).

Because substantial evidence supported the BIA's conclusion that Melgarejo-Sandoval did not meet his burden of proving that internal relocation was unreasonable and because any failure by the BIA to apply the reasonableness factors was harmless error, the BIA did not err when it determined that internal relocation was reasonable.

Upon review of the record and consideration of the parties' briefs, we find no reversible error.  Accordingly, we deny the petitioners' petition for review.

**PETITION DENIED.**